UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CEDRIK TUJIBIKILA,

        Plaintiff,

  v.                                                                           Case No. 19-C-192

CORPORAL NEAF, and
M. THORNE,

        Defendants.

## SCREENING ORDER

The plaintiff, who is currently at Kenosha County Detention Center and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated and seeking damages. This matter comes before the court on the plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

**MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

The plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $3.34 and paid $3.50. The plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## ALLEGATIONS OF THE COMPLAINT

The plaintiff alleges that on January 2, 2019, Corporal Neaf and Thorne sprayed an excessive amount of OC spray "to subdue a federal inmate who did not want to leave." Dkt. No. 1 at 2.

## THE COURT'S ANALYSIS

The plaintiff's complaint will be dismissed because it fails to plausibly state a claim upon which relief may be granted. The complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2). The plaintiff's complaint does not specify exactly what occurred to the plaintiff, the circumstances surrounding what occurred, and what injuries, if any, the plaintiff allegedly sustained as a result. Though the defendants allegedly used OC spray, "the use of mace is not a *per se* violation of the Eighth Amendment, and it can be used in limited quantities when reasonably necessary to subdue or maintain control over an inmate." *Musgrove v. Detella*, 74 F. App'x 641, 646 (7th Cir. 2003) (citing *Soto v. Dickey*, 744 F.2d 1260, 1270–71 (7th Cir. 1984)). The plaintiff's complaint does not provide enough information to for the court to determine whether the defendants' alleged use of OC spray was "reasonably necessary" given the circumstances. Indeed, it is not even clear whether the plaintiff was just a bystander when the spray was used on another inmate and whether the plaintiff was in the same cell or another cell at the time. The plaintiff's use of conclusory language in his complaint—"excessive force," "deliberate indifference," and "cruel and unusual punishment," Dkt. No. 1 at 2—does not bolster his claim as "a court need not accept as true 'legal conclusions[, or t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678). Legal conclusions must be supported by factual allegations. *Aschcroft*, 556 U.S. at 679. A complaint is required to provide notice to each defendant of what he or she did to, or did not do for, the plaintiff, including any injuries that resulted, that potentially gives rise to personal liability on the part of a defendant and warrants requiring that he

or she respond to a federal lawsuit. *See George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007) (noting that plaintiffs "must give enough detail to illuminate the nature of the claim and allow defendants to respond").

Starting a federal lawsuit, which requires the state or county to expend the resources and incur the costs needed to defend even a meritless suit, should not be done lightly. If an inmate has been subjected to cruel and unusual punishment or other constitutional violation, a federal lawsuit is appropriate. If, instead, the claim amounts to little more than minor discomfort inadvertently inflicted on a bystander as correctional officers are attempting to force an incorrigible inmate to comply with their lawful orders, it is a waste of time and money for both the courts and the defendants. The allegations of the complaint fail to provide sufficient factual information to allow the court to determine whether the plaintiff has a claim or not. Accordingly, the court will dismiss the complaint without prejudice. If the plaintiff wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. An amended complaint must be filed on or before **June 14, 2019**. Failure to file an amended complaint within this time period will result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

If the amended complaint is received, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

Further, the plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, the plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

## MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff also moves for appointment of counsel. The plaintiff's motion will be denied as premature as the court currently cannot gauge whether the assistance of counsel is necessary in this case because there currently is no operative complaint and the defendants have not had an opportunity to answer the complaint. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). Accordingly, the plaintiff is not entitled to court-recruited counsel at this time. The denial is without prejudice, however, and the plaintiff may ask the court again at a later stage in the litigation to consider recruiting counsel.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepaying the full filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (Dkt. No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that the complaint submitted on February 6, 2019, be and the same is hereby **dismissed**.

**IT IS FURTHER ORDERED** that the plaintiff is directed to file an amended complaint on or before **June 14, 2019**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint by **June 14, 2019** that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $346.50 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Green Bay, Wisconsin this  15th  day of May, 2019.

>s/ William C. Griesbach
>William C. Griesbach, Chief Judge
>United States District Court