UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CEDRIK TUJIBIKILA,

   Plaintiff,

v.                Case No. 19-C-192

CORPORAL NEAF, et al.,

   Defendants.

---

**SCREENING ORDER**

---

On February 6, 2019, Plaintiff Cedrik Tujubikila, who is currently confined in McHenry County Jail in Woodstock, Illinois and proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. The court dismissed Tujibikila's complaint and directed him to file an amended complaint, which he did. The court screened the amended complaint and allowed Tujibikila to proceed on an Eighth Amendment claim against Corporal Dan Neaf, but not against Officer M. Thorn. Tujibikila subsequently filed a motion to reconsider the court's screening order dismissing Thorn, which the court denied. Neaf filed an answer to the amended complaint on August 9, 2019, and Tujibikila filed a second amended complaint as a matter of course on August 27, 2019. The court screened the complaint on August 30, 2019. The court found that the complaint stated a claim against Thorn, but did not contain any allegations against Neaf. The court accordingly dismissed Neaf as a defendant. Tujibikila also filed a request for interpretation of the court's order denying his motion for reconsideration. As it appeared Tujibikila sought to assert claims against both Thorn and Neaf, the court granted leave for Tujibikila to file a single, amended

complaint and, if timely received, would screen the complaint pursuant to 28 U.S.C. § 1915A. Presently before the court is the amended complaint Tujibikila filed subsequent to this order.

### SCREENING OF THE COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

### ALLEGATIONS OF THE THIRD AMENDED COMPLAINT

Tujibikila alleges that, on January 2, 2019, while housed in segregation H-West at Kenosha County Detention Center, about ten prison guards—including Defendants Officer M. Thorn,

Corporal Dan Neaf, Officer Kumara, Officer Cliff, and Sergeant John Doe—entered H-West and informed an inmate that he was being transferred to another facility. The inmate refused. Neaf then told Thorn to administer a chemical agent, identified as the "can of fog." Dkt. No. 48 at 3. According to Tujibikila, Thorn over-administered the agent, causing him great bodily harm to the point where he was coughing up blood. Tujibikila observed all of the guards and other inmates coughing, gaging, and choking due to the agent. Tujibikila also states that the chemical agent was not the "regular" pepper spray that the guards carry at all times, but a different chemical agent with harmful effects. Defendants only stayed in the area about five minutes due to the intensity of the chemical agent, according to Tujibikila.

Neaf gave orders to remove two inmates from the area where the chemical agent was deployed, but did not, however, remove Tujibikila from his cell or give him the opportunity to receive medical attention. Tujibikila said he and other inmates begged Neaf and Sergeant John Doe to remove them to a safe area and provide medical care and a decontamination shower; Tujibikila says he was ignored for two hours.

Tujibikila also states that Thorn heard him beg repeatedly for medical attention and did not respond to his request to be removed from his cell because Tujibikila was coughing up blood and suffocating. Tujibikila alleges Thorn denied him a shower to decontaminate and left him in his cell for two hours to suffocate.

In addition, Tujibikila states that he made repeated requests to Cliff and Kumara for medical care, which were denied.

**THE COURT'S ANALYSIS**

The Eighth Amendment to the Constitution "prohibits 'cruel and unusual punishments' and has been interpreted by the United States Supreme Court to encompass the 'unnecessary *and wanton* infliction of pain' upon prisoners in a correctional institution." *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 296 (1991)). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Prison guards "may use chemical sprays when reasonably necessary to subdue recalcitrant prisoners," *Kervin v. Barnes*, 144 F. App'x 551, 552 (7th Cir. 2005), but the use of such chemical sprays violates the Eighth Amendment when "used in quantities greater than necessary to maintain discipline or for the sole purpose of punishment or the infliction of pain." *Lindsey v. Boughton*, No. 17-cv-52-jdp, 2018 WL 3824143, at *4 (W.D. Wis. Aug. 10, 2018) (citation and internal quotation marks omitted).

Tujibikila may proceed on an Eighth Amendment excessive force claim against Thorn. While it is not clear from the complaint whether Tujibikila was sprayed directly or merely exposed as a bystander, "[b]ystander exposure to pepper spray is analyzed under the same legal test. Even when bystanders do nothing to necessitate the use of pepper spray, there is no constitutional violation unless officers are shown to have acted maliciously and with the intent to harm." *Id.* at *5. Tujibikila does not challenge Thorn's use of a chemical spray in the first instance, but rather challenges Thorn's allegedly excessive and wanton application of the spray. Because his claim concerns *how* the spray was administered rather than *that* the spray was used, Neaf's authorization

4

for Thorn to use the spray is not at issue. *See Ward v. Hoffman*, No. 14-cv-00509-MJR, 2014 WL 2442657, at *2 (S.D. Ill. May 30, 2014) ("[T]he use of pepper spray does not constitute a *per se* violation of the Eighth Amendment." (citing *Soto v. Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)). However, Tujibikila's allegation that the chemical spray was applied in manner that resulted in him coughing up blood is sufficient to raise an inference that the amount used was excessive. Tujibikila may therefore proceed on an Eighth Amendment claim against Thorn for excessive use of force.

Tujibikila's separate allegations that he made each Defendant aware of his medical needs and was not removed from his cell or permitted to receive medical attention are sufficient to raise claims under a deliberate indifference theory. Stating such an Eighth Amendment claim requires allegations of an objectively serious medical condition and an official's deliberate, i.e. subjective, indifference to that condition. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The medical condition must be objectively and subjectively serious. *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). "A medical need is considered sufficiently serious if the inmate's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Id.* (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir.2005)). Notably, "[a] medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). To satisfy the subjective element, a plaintiff must show that the defendant acted culpably, a standard that is higher than negligence or inadvertence. *Id.* However, "[i]t is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk." *Id.* (citing *Greeno*, 414 F.3d at 653).

Tujibikila alleges that he communicated to each Defendant at some point that he needed medical attention. The chemical agent was deployed with such force that Defendants could not remain in the immediate area for longer than five minutes, according to Tujibikila, and were all observed coughing, gaging, and choking. Given the intensity of the chemical agent, the facts support the inference that Defendants may have known of its substantial risk of harm to an inmate confined for at least two hours within the area of deployment. If they had observed Tujibikila in such a state, the need for medical attention may have been obvious. Therefore, Tujibikila may proceed with his allegations of deliberate indifference against Defendants Officer M. Thorn, Corporal Dan Neaf, Officer Kumara, Officer Cliff, and Sergeant John Doe.

### **MOTION TO APPOINT COUNSEL**

The court has denied Tujibikila's previous motions to appoint counsel. Dkt. Nos. 17, 26. There is no constitutional or statutory right to court-appointed counsel in federal civil litigation. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). Whether to recruit counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1) is within the court's discretion. *Id.* at 653–54. To determine whether recruitment is appropriate, the court considers "both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.* at 655. The pertinent question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.*

As the court has previously explained, and despite Tujibikila's claim to the contrary, the case is not particularly complex. Tujibikila is a witness to the events that provide the basis for his claim. The law governing cruel and unusual punishment is fairly well established. Tujibikila has identified

no personal characteristics that render him unable to effectively communicate with the court. The present motion does indicate that English is not Tujibikila's first language, however he has been able to prepare his own filings and communicate with the court up to this point. In addition, as Defendants have not yet responded to Tujibikila's complaint, it is unclear what defense will be offered. While the court's analysis may change as the case proceeds, at least at this point, Tujibikila has failed to make a showing that either the complexity of the case or his own personal characteristics require recruitment of counsel for proper consideration of his claim. Accordingly, the motion (Dkt. No. 47) is denied.

**IT IS THEREFORE ORDERED** that the action will proceed against Defendants Officer M. Thorn, Corporal Dan Neaf, Officer Kumara, Officer Cliff, and Sergeant John Doe.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 47) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint. The court will enter a new scheduling order following the defendants' filing of a

7

responsive pleading. The parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Kenosha County Detention Center, as well as to the Kenosha County Sheriff and the Kenosha County Corporation Counsel.

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide a correct address could result in dismissal of the case for failure to prosecute.

Dated at Green Bay, Wisconsin this  17th  day of October, 2019.

>s/ William C. Griesbach
>William C. Griesbach, Chief Judge
>United States District Court